**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| COREY L. COOKE,<br><br>               Plaintiff,<br><br>     v.<br><br>RAVINCLE BHALLA, et al.,<br><br>               Defendants. | Civil Action No. 24-10842 (MAS)<br><br>**OPINION** |

**SHIPP, District Judge**

     This matter comes before the Court on Plaintiff Corey L. Cooke's civil complaint (ECF No. 1) and application to proceed *in forma pauperis*. (ECF No. 4.) Having reviewed the application, the Court finds that *in forma pauperis* status is warranted in this matter, and Plaintiff's application is therefore granted. Because the application shall be granted, the Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice in its entirety for failure to state a claim upon which relief may be granted.

**I.    BACKGROUND**

     Plaintiff is a state pre-trial detainee currently being held in the Hudson County Jail. His complaint arises out of events that occurred in Hoboken on September 16, 2024. (ECF No. 1 at 7.) That morning, Plaintiff was riding an E-bike through the city when he was approached by a city police officer, instructed to stop, and accused of illegally riding the E-bike on the sidewalk,

which Plaintiff asserts he did not do. (*Id.* at 8.) During this stop, the officer asked for Plaintiff's name and Plaintiff gave the officer a false name. (*Id.*) Plaintiff then declined to provide ID. (*Id.*) While the stop was still ongoing, Plaintiff told the officer he "d[idn't] have time for this" and attempted to flee. (*Id.*) The officer grabbed the bike and Plaintiff jumped off and fled down the street. (*Id.*) The officer called for assistance and Plaintiff attempted to jump into the Hudson River to escape. Plaintiff was then caught by an officer and held while others aided in brining Plaintiff to the ground. (*Id.* at 9.) In the process, Plaintiff broke several ribs and suffered additional injuries to his neck and face. (*Id.*) Plaintiff now seeks to sue the city's chief of police and mayor for these events as Plaintiff believes he would not have been injured had the city not adopted a policy of targeting E-bike crime. (*Id.* at 5-6.)

## II.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must screen Plaintiff's complaint and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must

contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

**III.    DISCUSSION**

In his complaint, Plaintiff seeks to raise federal civil rights claims against two supervisory officials in Hoboken, the city's mayor and chief of police, for injuries he suffered after attempting to flee a routine investigatory stop. Because Plaintiff generally alleges that he was initially detained on false grounds and suffered injuries from what he appears to allege was excessive force in his capture, the Court construes Plaintiff to be raising constitutional claims for false arrest and excessive force.

In order to raise claims against supervisory officials, a plaintiff must do more than blame supervisors for the acts of their underlings. A defendant in a civil rights matter may not be held vicariously liable for the actions of the defendant's subordinates and must instead have personal

3

involvement in the alleged wrongs. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). Because a supervisory defendant may not be held vicariously liable for the actions of his subordinates, a plaintiff seeking to raise a claim against such an official must plead facts showing either that he was directly involved in the alleged violation, directed others to engage in the alleged improper conduct, had *actual* knowledge of the alleged wrong and acquiesced in its occurrence, or instituted specific policies or practices which were the moving force behind the violation. *Chavarriaga*, 806 F.3d at 222.

Here, Plaintiff connects the two named defendants to his claims solely based on their adopting a policy of targeting E-bike crime as a criminal priority in the city of Hoboken. That policy was not directly responsible for Plaintiff's injuries. Instead, Plaintiff's alleged injuries occurred because of an individual officer initiating an investigatory stop based on his belief that Plaintiff had unlawfully ridden his bike on the sidewalk, and from the fallout of Plaintiff's ill-fated choice to flee the stop and engage police in a lengthy foot chase. Plaintiff's complaint provides no other basis upon which to hold the two named Defendants liable for the actions of their subordinates, the individual police officers involved. Plaintiff has failed to plead facts showing that the two named Defendants were personally involved in the alleged wrongs. Plaintiff's complaint must be dismissed without prejudice at this time because Plaintiff has failed to state a claim upon which relief may be granted.

IV.     **CONCLUSION**

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 4) is **GRANTED** and Plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted. Plaintiff shall be granted leave to file an amended complaint within thirty days. An order consistent with this Opinion will be entered.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**