**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| COREY L. COOKE,<br><br>             Plaintiff,<br><br>             v.<br><br>RAVINCLE BHALLA, et al.,<br><br>             Defendants. | Civil Action No. 24-10842 (MAS)<br><br>**OPINION** |

**SHIPP, District Judge**

    This matter comes before the Court on Plaintiff Corey L. Cooke's amended complaint. (ECF No. 8.) Because Plaintiff was previously granted *in forma pauperis* status in this matter, the Court is required to screen Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's amended complaint shall be dismissed without prejudice in its entirety for failure to state a claim upon which relief may be granted.

**I.    BACKGROUND**

    Plaintiff is a state detainee currently being held in the Hudson County jail for what appears to be a parole violation. (ECF No. 8 at 2.) In his amended complaint, Plaintiff seeks to sue a John Doe Hoboken police officer whose badge number is Go889, who attempted to conduct a *Terry* stop of Plaintiff in September 2024 while Plaintiff was riding an e-bike through the city. (*Id.* at 24.) According to Plaintiff, Plaintiff was in the street near the corner of 3rd and Washington Streets

when he "came upon the ramp on the corner" and rode "to the other side of the ramp where the crosswalk is" at which point the officer approached him and asked for his ID as the officer believed that Plaintiff was illegally riding his e-bike on the sidewalk. (*Id.*) Based on these allegations, it appears that Plaintiff was on the sidewalk at the time of the *Terry* stop as he had gone up the crosswalk ramp. (*Id.*) Rather than provide ID, Plaintiff told the officer he had not been riding on the sidewalk. (*Id.*) When the officer became agitated, Plaintiff told the officer that he did not "have time for this" and tried to ride away. (*Id.*) The officer grabbed the back of the e-bike, then Plaintiff jumped off and ran into traffic, with the officer following shortly behind. (*Id.*) Plaintiff ran "down to the waterfront" while the officer shouted for him to stop and called for backup, leading Plaintiff to "jump over the guardrail" in an attempt to escape. (*Id.*) Plaintiff told the officers to stay away and attempted to jump into the Hudson River. A second officer, however, grabbed Plaintiff's hand. Plaintiff was then pulled over the rail, at which point Plaintiff alleges "they all jump[ed] on me." (*Id.*) It is not clear to whom the "all" refers, and Plaintiff names only the officer who conducted the initial *Terry* stop as a Defendant regarding these events. (*Id.*) Plaintiff alleges that the officers thereafter searched him, found his ID, and took him into custody. (*Id.*) As a result of these events, Plaintiff alleges that he suffered three broken ribs, three herniated disks, and spinal swelling. (*Id.*)

In a second series of allegations, Plaintiff seeks to raise claims against Hoboken police officer Lupo Joseph and two of his supervisors for permitting Joseph to "obtain personal medical information" from medical staff after Plaintiff was taken to a hospital and place it into a police report. (ECF No. 8-1 at 3-4, 8-10.) Essentially, Plaintiff appears to believe that the officer violated his privacy rights by speaking to medical staff. (*Id.*)

## II. LEGAL STANDARD

Because Plaintiff has been granted *in forma pauperis* status, the Court is required to screen his amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A

complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. DISCUSSION

In his amended complaint, Plaintiff first seeks to raise claims against the John Doe Hoboken officer with badge number Go889 related to the *Terry* stop and resulting chase. Plaintiff appears to allege claims for unlawful search, seizure, and false arrest. Under *Terry v. Ohio*, 392 U.S. 1, 30 (1968), and its progeny, law enforcement officers are permitted to temporarily detain and investigate citizens if they have a "reasonable, articulable suspicion that criminal activity is afoot." *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000). Here, the officer appeared to have a reasonable, articulable suspicion – Plaintiff appears to acknowledge that riding an e-bike on the sidewalk is not legal in Hoboken, and Plaintiff also appears to admit that at the time the officer approached him, he had ridden up a crosswalk ramp onto the sidewalk. Although Plaintiff could have explained that he had not been riding on the sidewalk, at the time of the stop the officer apparently saw Plaintiff and his e-bike on part of the sidewalk. This gave the officer sufficient suspicion, in the absence of other factual allegations to the contrary, to believe that Plaintiff was violating city law. Plaintiff has thus not pled sufficient facts to show that the initial *Terry* stop was unlawful.

To make out the remainder of his claims—unlawful search and false arrest—Plaintiff would have to show that the police did not have probable cause to arrest him after he fled the initial *Terry* stop and ran from police. *See, e.g.*, *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012) (false arrest claim requires showing a lack of probable cause to support an arrest);

*Gomez v. Markley*, 385 F. App'x 79, 82-83 (3d Cir. 2010) (Fourth Amendment prohibits warrantless unreasonable searches; search made without a warrant is generally unreasonable absent probable cause to suspect evidence of criminality). Here, Plaintiff fled police and lead them on a chase through traffic and towards the river. Coupled with the initial officer's viewing of Plaintiff on an e-bike on the sidewalk, this seems to suggest that the officers had probable cause to arrest Plaintiff as he had attempted to evade the police and to obstruct their lawful law enforcement activities. Plaintiff's flight also provides further support for the conclusion that he had been improperly riding his e-bike and fled to evade a fine or other punishment for that activity. In the absence of clear factual allegations from Plaintiff to suggest the officers should have known they had no probable cause, and in light of the facts Plaintiff has alleged, it appears that the officers had probable cause to arrest Plaintiff, and to perform a search incident to that arrest during which they found his identification. *See, e.g., Riley v. California*, 573 U.S. 373, 383 (2014) (police may lawfully search an individual and the area in his immediate control during an otherwise lawful arrest). Plaintiff thus fails to state a plausible claim upon which relief may be granted as to his claims of unlawful seizure, unlawful arrest, and illegal search.

It appears that Plaintiff may also have sought to raise an excessive force claim, although he does not specifically raise such a claim. Assuming that Plaintiff did intend to raise such a claim, in the context of an arrest, a plaintiff seeking to assert excessive force must allege that the force used against him during an attempted search or arrest was unreasonable in light of the facts and circumstances at the time the force was used. *See, e.g., County of L.A., Cal. v. Mendez*, 581 U.S. 420, 427-28 (2017). Determining the reasonableness of the force used requires a careful balancing of the legitimate Fourth Amendment interests in the security of one's person with the government's legitimate law enforcement interests and a consideration of the totality of the circumstances surrounding the incident. *Id.*; *see also Ardo v. Pagan*, 662 F. Supp. 3d 545, 557-58 (E.D. Pa.

2023). This consideration of the facts is made from the perspective of a reasonable officer on the scene. *Ardo*, 652 F. Supp. 3d at 558. In his amended complaint, Plaintiff does not provide any detail about the force used against him after he was stopped from jumping into the Hudson River. Plaintiff alleges that at least some officers "jump[ed]" on him. Plaintiff, however, does not explain what he means by this, nor does Plaintiff detail any of the actions taken by the named Defendant – the officer with badge number Go889. Thus, notwithstanding Plaintiff's apparently serious injuries, without further detail about what, if any, actions the named Defendant took which amounted to uses of force, Plaintiff has failed to plead sufficient facts to sustain a claim that the officer engaged in excessive force during his arrest. Plaintiff thus fails to state a plausible claim for relief for excessive force.

  Finally, Plaintiff alleges that Defendant Joseph and his supervisors "violated" his rights by speaking with hospital staff about his injuries and placing the facts obtained in a police report. Although both New Jersey and the federal government have adopted statutes, such as HIPAA, which are meant to secure the privacy of medical records, neither the state nor the federal government has recognized or provided for a private right of action related to these statutes. *See, e.g., Wade v. Mills*, No. 19-21501, 2021 WL 689106, at *3 (D.N.J. Feb. 23, 2021); *Welch v. Cape May Cnty. Corr. Ctr.*, No. 15-8745, 2016 WL 686255, at *2 (D.N.J. Feb. 19, 2016). Plaintiff's claim would therefore only be actionable under the general right to the privacy of one's medical information. *See, e.g., Archie v. Warren*, No. 20-7649, 2022 WL 92804, at *2 (D.N.J. Jan. 10, 2022).

  As Plaintiff had been arrested by the time the questions were posed, in reviewing his claims the Court is mindful that prisoners do not enjoy the same right to privacy as free citizens, and their rights to medical privacy are subject to legitimate correctional and law enforcement goals of the state. *Id.* Generally, courts in this circuit have only permitted medical privacy claims related to

prisoners, including pretrial detainees, to proceed where they allege that the defendants disclosed "an unusual medical condition which, if disclosed unnecessarily, would likely expose the inmate to ridicule, discrimination, or even potential violence and harm, particularly when word of the condition is likely to spread through 'humor or gossip.'" *Id.* (*quoting Smith v. Hayman*, No. 09-2602, 2012 WL 1079634, at *18 (D.N.J. Mar. 30, 2012)). Here, Plaintiff alleges no such facts. Instead, the facts Plaintiff alleges and documents he attaches show that, following his arrest and hospitalization, an investigating officer spoke with Plaintiff and medical staff about the nature of the injuries Plaintiff suffered during the chase and arrest and when Plaintiff would be sufficiently recovered to be returned to jail. (*See* ECF No. 8-1 at 9.) The officer thereafter recounted a short description of the physical injuries in his report. (*Id.*) This information did not contain an inappropriate disclosure of any hidden, embarrassing, or suspect medical conditions likely to subject Plaintiff to ridicule, nor was the information disclosed generally to other prisoners or the like. Instead, the report merely recounted facts related to the injuries Plaintiff suffered and the timeline of his hospitalization, all of which jail and police staff had a legitimate interest in obtaining as part of the investigation into the events surrounding Plaintiff's arrest and incarceration. As such, Plaintiff has failed to plead a plausible claim for relief under the general right to medical privacy. This claim, consequently, also fails to state a plausible claim upon which relief may be granted against any named Defendant. Plaintiff's amended complaint shall therefore be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

For the reasons expressed above, Plaintiff's amended complaint (ECF No. 8) is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted. Plaintiff shall be granted leave to file an amended complaint within thirty days. An order consistent with this Opinion will be entered.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

**Dated:** October 10th, 2025